UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DOUGLAS H SPENSLEY,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No.  19-cv-2306<br>Criminal Case No. 09-cr-20082 |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Douglas H. Spensley's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 1). The Court granted Petitioner leave to file a Motion addressing the timeliness of his claims, which he filed on December 6, 2019. (ECF No. 4). The Government filed a Response and Motion to Dismiss on December 20, 2019. (ECF No. 5). For the reasons state below, Petitioner's § 2255 Motion is DISMISSED as untimely and the Government's Motion to Dismiss is GRANTED.

## PROCEDURAL HISTORY

On January 26, 2011, a superseding indictment was issued where Petitioner was charged with four counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Cr. D. 48).[1] On June 15, 2011, Petitioner pleaded guilty to count five of the superseding indictment pursuant to a plea agreement whereby he waived his rights to challenge his conviction through collateral attack, in exchange for the prosecution agreeing to dismiss counts one through

---

[1] All references to Petitioner's underlying criminal docket, *United States v. Spensley*, No. 09-cr-20082, shall be abbreviated as Cr. D. ___.

four of the superseding indictment and other sentencing concessions. (Cr. D. 73). On October 7, 2011, the Court sentenced Petitioner to 120 months imprisonment followed by fifteen years of supervised release. (Cr. D. 87).

Petitioner did not appeal his conviction and sentence. On November 12, 2019, Petitioner filed a § 2255 Motion. This Opinion follows.

## ANALYSIS

Petitioner asserts that his habeas relief is not barred by the statute of limitations because he has newly discovered evidence where the Assistant U.S. Attorney and law enforcement allegedly coerced his son into changing the account of events, and made threats that if he were to petition this Court, the prosecution would seek criminal charges against his son. Petitioner also asserts a claim of actual innocence. The Government argues that Petitioner has not shown his negligence was excusable and therefore his § 2255 Motion is barred by the statute of limitations. Additionally, the Government contends that Petitioner waived his appellate and collateral attack rights in the plea agreement from the underlying criminal case.

The Court need not address the merits of Petitioner's habeas claims because the § 2255 Motion is barred by the statute of limitations. *See* 28 U.S.C. § 2255(f)(1). Section 2255 contains a one-year statute of limitations that runs from the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On October 7, 2011, the Court entered judgment against Petitioner. (Cr. D. 88). Petitioner had fourteen days from the entry of that judgment to file a notice of appeal. Fed. R. App. P. 4(b). Petitioner never filed a notice of appeal; therefore, the conviction became final when the deadline expired on October 21, 2011. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Under § 2255(f), Petitioner had one year from the date upon which his conviction became final to file his § 2255 Motion, but he failed to do so. Instead, Petitioner waited eight years to file his motion and has not provided the Court with any alleged facts that would trigger the applicability of equitable tolling to bar the statute of limitations. *Id.* at 1101. "[E]quitable tolling of the limitation period . . . is warranted if extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007). Petitioner has not claimed any extraordinary circumstance that was outside of his control for the past eight years. For instance, the letter from Petitioner's previous attorney clearly stated, "*as you might recall*…[a]fter that hearing, an Assistant United States Attorney and law enforcement agents coerced your son into changing his account of how the pictures were taken." (ECF No. 4 at 4) (emphasis added). Accordingly, Petitioner had known about this theory since at least 2011, and was also aware that the prosecutor and law enforcement interviewed his son as the details of the interview were provided in discovery, are outlined in the plea agreement, and the PSR. (Cr. D. 73, 85).

As a result of the foregoing, Petitioner's § 2255 Motion is untimely and must be dismissed.

# CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurist would find that Petitioner's claims were not barred by the statute of limitations. Petitioner had one year from the date his judgment became final to file a habeas petition under § 2255, but he did not do so until eight years later, and no exemptions to the applicable statute of limitations apply. Accordingly, Petitioner's § 2255 Motion is untimely. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

**CONCLUSION**

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 [1] is DISMISSED as untimely, Petitioner's Motion Addressing Timeliness [4] is DENIED, and the Government's Response and Motion to Dismiss [5] is GRANTED. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED.

ENTERED this 10th day of January, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge